United States District Court
Southern District of Texas
ENTERED
September 21, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **MARIYA GAVDEY,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-CV-01601** |
| | § | |
| **WARDEN, LAREDO PROCESSING CENTER (CORECIVIC), *et al.*,** | § | |
| | § | |
| | § | |
| **Respondents.** | § | |

# ORDER

Pending before the Court is Mariya Gavdey's ("Petitioner") *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, (Dkt. 1), and Emergency Motion to Expedite Habeas Corpus Proceedings, (Dkt. 2), challenging the lawfulness of her custody by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS). Petitioner was admitted to the United States on or about March 2, 2022, on a B-2 nonimmigrant visitor visa. (Dkt. 1 at 6.) Thereafter, Petitioner filed applications for Asylum and Withholding of Removal, and Petitioner's United States citizen spouse filed a Form I-130, Petition for Alien Relative on behalf of Petitioner. (*Id.* at 6–7.) Years later, Petitioner was apprehended by immigration authorities and taken into custody while her immigration proceedings remain pending. (*See id.* at 2.) On August 21, 2026, Petitioner requested a bond hearing where the Immigration Judge (IJ) denied Petitioner's bond after finding she was a flight risk. (Dkt. 1 at 8; Dkt. 9 at 2, Attach. 3.)[1]

---

[1] The Court will use "Attachment" to refer to sub-filings in accordance with official docket entries. The Court will use the page numbers auto-generated by CM/ECF in citations to the docket entries.

Petitioner filed her Petition for Writ of Habeas Corpus on September 9, 2026. (Dkt. 1.) She argues that she is being unlawfully detained in violation of the Fifth Amendment Due Process Clause and the Eighth Amendment. (*Id.* at 9–12.) Specifically, Petitioner alleges that the IJ violated her constitutional rights by denying her bond based on the finding that she possessed "preconceived intent." (*Id.* at 3.) She asks the Court to order her immediate release, or in the alternative, order a new bond hearing. (*Id.* at 16–17.) The Court ordered Respondents to respond to the Petition by September 16, 2026. (Dkt. 5.) Respondents filed a timely response and Motion for Summary Judgment arguing that Petitioner is lawfully detained under 8 U.S.C. § 1226(a) and the Court does not have jurisdiction to review the IJ's decision to deny bond and because Petitioner has not appealed the denial of her custody redetermination to the Board of Immigration Appeals (BIA). (Dkt. 9.)

Upon review of evidentiary record submitted to the Court, Petitioner has been provided with the custody redetermination hearing before an IJ that she is statutorily entitled to under 8 U.S.C. § 1226(a). (Dkt. 9, Attach. 3.) Because "district courts do not have jurisdiction to review discretionary decisions made by an IJ regarding bond," the Court may not review the IJ's underlying discretionary decision to deny bond for Petitioner. *See Fuentes v. Lyons*, 808 F. Supp. 3d 733, 737 (S.D. Tex. 2025) (citing *Nielsen v. Preap*, 586 U.S. 392, 401 (2019)). The Court retains jurisdiction to review a constitutional challenge to the statutory framework for Petitioner's detention or to the extent of DHS's detention authority. *See Oyelude v. Chertoff*, 125 F. App'x 543, 546 (5th Cir. 2005) ("Section 1226(e) may strip us of jurisdiction to review judgments designated as discretionary under the pertinent language of the statute, but it does not deprive us of all authority to review statutory and constitutional challenges. We retain jurisdiction to review

[Petitioner's] detention insofar as that detention presents constitutional issues, such as those raised in a habeas petition.").

Petitioner claims that the bond hearing was constitutionally deficient because the IJ improperly placed the burden onto Petitioner to disprove the factual finding that she possessed preconceived intent and failed to determine whether Petitioner was either a danger or flight risk while considering the factors in *Matter of Guerra*, 24 I&N Dec. 37 (BIA 2006). (Dkt. 1 at 9–12.) However, the burden of proof is traditionally on Petitioner to establish that she is not a danger or flight risk in a bond proceeding under 8 U.S.C. § 1226(a), and the IJ in fact made a finding that she was a flight risk. (*See* Dkt. 9, Attach. 3 at 1); *see also* 8 C.F.R. § 1003.19(h)(3); *Matter of Guerra*, 24 I&N Dec. at 40. "Absent a statutory or constitutional violation, the Court lacks jurisdiction to review the underlying conduct of the IJ during the custody redetermination hearing." *See Fuentes*, 808 F. Supp. 3d at 738 (citing *Oyelude*, 125 F. App'x at 546). Therefore, the Court is unable to grant the relief that Petitioner seeks. Petitioner is advised that she may re-file her petition if she remains in custody and can establish that her detention has become unconstitutionally prolonged. *See Khedr v. Warden, LaSalle County Regional Detention Center, et al.*, 2026 WL 1873712, at *4–6 (S.D. Tex. June 25, 2026) (finding that the petitioner's prolonged detention of 10 months under 8 U.S.C. § 1226(a) violated his Fifth Amendment due process rights and ordering a bond hearing at which the Government bears the burden of proving that detention is necessary because the petitioner poses either a danger or a flight risk by clear and convincing evidence).

Accordingly, Respondents' Response to Petition for Writ of Habeas Corpus and Motion for Summary Judgment, (Dkt. 9), is **GRANTED IN PART**. Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), is **DISMISSED WITHOUT PREJUDICE**. Petitioner's Motion to

Expedite Habeas Corpus Proceedings, (Dkt. 2), is **DISMISSED AS MOOT**. The Court will enter final judgment separately pursuant to Federal Rule of Civil Procedure 58.

The Clerk of Court is **DIRECTED** to mail Petitioner a copy of this Order by any receipted means to the following address:

**Mariya Gavdey**
**A # 240-982-422**
**Laredo Processing Center**
**4702 E. Saunders St.**
**Laredo, TX 78041**

IT IS SO ORDERED.

SIGNED this September 21, 2026.

Diana Saldaña
United States District Judge