United States District Court
Southern District of Texas
**ENTERED**
October 13, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **MARIYA GAVDEY,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-CV-01601** |
| | § | |
| **WARDEN, LAREDO PROCESSING CENTER (CORECIVIC), *et al.*,** | § | |
| | § | |
| | § | |
| **Respondents.** | § | |

# ORDER

Pending before the Court is Petitioner Mariya Gavdey's ("Petitioner") Emergency Motion for Judicial Stay of Removal, Notice of Premature Removal Order, and Request for Show Cause Order Regarding Procedural Misconduct and Medical/Humanitarian Concerns, (Dkt. 14), and Emergency Motion to Expedite Habeas Corpus Proceedings, (Dkt. 15). In her motions, filed on September 22, 2026, Petitioner asks the Court to grant an immediate judicial stay of removal prohibiting Respondents from removing Petitioner from the United States while her federal and immigration proceedings are pending, among other specific prayers for relief. (*See* Dkt. 14.)[1] Petitioner also asks the Court to expedite its review of her Petition for Writ of Habeas Corpus, (Dkt. 1), filed on September 9, 2026. (Dkt. 15.)

The Court issued an Order granting Respondents' Response to Petition for Writ of Habeas Corpus and Motion for Summary Judgment, (Dkt. 9), on September 21, 2026. (Dkt. 10.) The Court also dismissed without prejudice Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), and

[1] Upon review, the Court notes that Petitioner's Emergency Motions were submitted on September 16, 2026 but filed on September 22, 2026. (*See* Dkt. 14 at 6; Dkt. 15 at 3.)

dismissed as moot Petitioner's first Motion to Expedite Habeas Corpus Proceedings, (Dkt. 2). (Dkt 10.) Pursuant to Fed. R. Civ. P. 58, the Court entered final judgment on September 21, 2026. (Dkt. 12).; Fed. R. Civ. P. 58.

In its September 21, 2026 Order granting Respondents' Response to Petition for Writ of Habeas Corpus and Motion for Summary Judgment, the Court held that it did not have jurisdiction to review the Immigration Judge's decision to deny Petitioner bond. (Dkt. 10 at 2–3.) The Court determined that it could not therefore provide the relief that Petitioner was seeking. (*Id.*) The Court advised Petitioner that she could re-file her petition if she remains in custody and can establish that her detention has become unconstitutionally prolonged. (*Id.* at 3.)

Because the Court decided the merits of Petitioner's petition in its September 21, 2026 Order, (Dkt. 10), and entered final judgment the next day, the Court declines to consider Petitioner's Emergency Motion for Judicial Stay of Removal, Notice of Premature Removal Order, and Request for Show Cause Order Regarding Procedural Misconduct and Medical/Humanitarian Concerns, (Dkt. 14), and Emergency Motion to Expedite Habeas Corpus Proceedings, (Dkt. 15). Upon review, the claims forming the basis of both motions have already been addressed in the Court's September 21, 2026 Order. (Dkt. 10.)

## CONCLUSION

Accordingly, the Court **DISMISSES AS MOOT** Petitioner's Emergency Motion for Judicial Stay of Removal, Notice of Premature Removal Order, and Request for Show Cause Order Regarding Procedural Misconduct and Medical/Humanitarian Concerns, (Dkt. 14), and Emergency Motion to Expedite Habeas Corpus Proceedings, (Dkt. 15).

The Clerk of Court is **DIRECTED** to mail Petitioner a copy of this Order by any receipted means to the following address:

**Mariya Gavdey**
**A # 240-982-422**
**Laredo Processing Center**
**4702 E. Saunders St.**
**Laredo, TX 78041**

IT IS SO ORDERED.

SIGNED this October 13, 2026.

Diana Saldaña
United States District Judge